**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**CHRISTOPHER DEATON,**
**ADC #143472**                                                                                              **PLAINTIFF**

**v.**                                   **Case No. 2:13-cv-00136 KGB-JTK**

**LARRY MAY, et al.**                                                                                        **DEFENDANTS**

**ORDER**

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 3).  After a review of those Proposed Findings and Recommendations, the objections filed by plaintiff Christopher Deaton (Dkt. No. 9), as well as a *de novo* review of the record, the Court adopts in part and rejects in part the Proposed Findings and Recommendations.

The Proposed Findings and Recommendations conclude that Mr. Deaton's allegations concerning the grievance procedure fail to state a claim upon which relief can be granted.  The Court agrees with, and adopts, the Proposed Findings and Recommendations as to Mr. Deaton's claim regarding the grievance procedure, and that claim is dismissed without prejudice.

The Proposed Findings and Recommendations construe Mr. Deaton's complaint as alleging that defendant Larry May failed to follow properly grievance procedures and conclude that Mr. Deaton's allegations in this regard in his complaint fail to state a claim against Mr. May upon which relief can be granted.  Mr. Deaton objects to this characterization of his complaint. Mr. Deaton maintains that he intends to allege that Mr. May acted with deliberate indifference to Mr. Deaton's health or safety by failing to respond sufficiently to several letters from Mr. Deaton regarding his complaints against the other defendants (Dkt. No. 9, at 3).  In other words, it appears that Mr. Deaton intends to allege an Eighth Amendment claim against Mr. May based on

Mr. May's direct participation in a constitutional violation or an alleged failure to train, supervise, direct, or control the actions of a subordinate who caused the injury.  *See Tlamka v. Serrell,* 244 F.3d 628 (8th Cir. 2001); *Pearl v. Dobbs,* 649 F.2d 608, 609 (8th Cir. 1981).  The Court will permit Mr. Deaton to proceed on such a claim against Mr. May, as this Court has permitted Mr. Deaton's underlying claims for relief against the other defendants to proceed.

The Court agrees with, and adopts, the Proposed Findings and Recommendations as to Mr. Deaton's allegations concerning denied access to current events and a Christmas Package. Those allegations are dismissed for failure to state a claim.

The Court rejects the Proposed Findings and Recommendations as to Mr. Deaton's claim based on the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq*.  The RLUIPA provides that no government shall impose a substantial burden on the religious exercise of an inmate, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest, and (2) is the least restrictive means of further that compelling governmental interest. *Id.*, § 2000cc-1(a).

Mr. Deaton alleges that his religious beliefs as a Nazarite prohibit him from cutting his hair.  This is in conflict with the grooming policy of the Arkansas Department of Correction ("ADC"), which requires all male prisoners to keep their hair above their ears and no longer than the middle of the nape of the neck in the back.  Mr. Deaton states that current ADC policy provides that inmates in non-compliance with the ADC grooming policy will not be written a subsequent disciplinary while still serving a sentence for a previous violation of grooming standards (Dkt. No. 2, at 30, 121).  Mr. Deaton claims that the East Arkansas Regional Unit ("EARU") typically provided him an average minimum of seven days of relief between

sentences to punitive isolation.  He also states that EARU custom and practice afforded him an average of 17 days between stays in punitive isolation (*Id.* at 30).  By contrast, Mr. Deaton alleges that administrators at the Varner Unit, where has since been transferred, provide him only 48 hours of relief between stays in punitive isolation (*Id.* at 31).  He claims that the transfer to the Varner Unit violates the RLUIPA because the EARU is a "less restrictive unit" as to the exercise of his religious beliefs (*Id.*).

The Proposed Findings and Recommendations conclude that Mr. Deaton fails to state a claim under the RLUIPA because he does not allege that the shorter restriction at the Varner Unit is improper or unconstitutional and does not specify how the shorter period of relief from punitive isolation burdens his religious exercise, especially since he openly admits to violating the grooming policy since 2009.  In his objections to the Proposed Findings and Recommendations, Mr. Deaton clarifies that he is contending that the Varner Unit's enforcement of the grooming policy is not the least restrictive means necessary for furthering the governmental interest here, given that the EARU enforces the grooming policy while providing substantially longer periods of relief between disciplinary stays.

The Court recognizes, and Mr. Deaton acknowledges, that the Eighth Circuit ruled in *Fegans v. Norris*, 537 F.3d 897 (8th Cir. 2008), that the ADC grooming policy withstood scrutiny under the RLUIPA.  However, in *Fegans*, the Eighth Circuit did not specifically consider a challenge to the disciplinary enforcement of the grooming policy like the challenge Mr. Deaton now makes.  More importantly, this Court notes that the Supreme Court of the United States has recently granted *certiorari* to review an Eighth Circuit decision rejecting a RLUIPA challenge to the ADC grooming policy.  *See Holt v. Hobbs*, 509 F. App'x 561 (8th Cir. 2013) *cert. granted*, 134 S. Ct. 1490, *cert. limited*, 134 S. Ct. 1512 (2014).  Although the

Supreme Court has limited *certiorari* in that case to reviewing under the RLUIPA the provisions of the ADC grooming policy governing beard length, 134 S. Ct. 1512, this Court acknowledges that the Supreme Court's decision in that case may have implications on the analysis to be applied in this case.

Given the distinguishing facts between Mr. Deaton's complaint and the Eighth Circuit's decision in *Fegans*, and given the potential implications of the Supreme Court's pending review of the ADC grooming policy in *Holt*, this Court cannot say at this time that Mr. Deaton fails to state a claim upon which relief can be granted under the RLUIPA. The Court will permit Mr. Deaton to proceed on his RLUIPA claim.

In addition, Mr. Deaton has clarified in a letter to the Court, which is attached to this Order, that he also intends to assert an equal protection claim based on his allegations that other male inmates with long hair in violation of the ADC grooming policy received more favorable treatment than Mr. Deaton. Mr. Deaton claims in his letter that no other inmate who is in non-compliance with the grooming standards received a disciplinary. Mr. Deaton's complaint makes a slightly different allegation, claiming that one specific inmate in non-compliance with the grooming policy received more favorable treatment as to relief from punitive status (Dkt. No. 2, at 6-7). The Proposed Findings and Recommendations do not consider an equal protection claim, as they were submitted without having had the benefit of Mr. Deaton making clear that he intends to assert an equal protection claim.

Because Mr. Deaton raises allegations in his letter to the Court that differ from those in his complaint, the Court will construe Mr. Deaton's letter as an amendment to his complaint and will grant Mr. Deaton leave to amended his complaint to include these factual allegations regarding his equal protection claim. The Clerk of the Court is directed to file Mr. Deaton's

letter as a supplement to his complaint.  The Court notes that the Eighth Circuit in *Fegans* rejected an equal protection claim based on the difference in the grooming policy's requirements for female inmates.  537 F.3d at 906.  Mr. Deaton's claim here is distinguishable from the claim in *Fegans*.  The Court will permit Mr. Deaton to proceed on his equal protection claim.  To the extent Mr. Deaton attempts to raise a retaliation claim in his letter, Mr. Deaton stated a retaliation claim in his complaint, and the Court has already permitted Mr. Deaton to go forward on his retaliation claim (Dkt. No. 3, at 4; Dkt. No. 4, at 2).

The Court also has reviewed the second Proposed Findings and Recommendations submitted by Judge Kearney (Dkt. No. 31).  The second Proposed Findings and Recommendations construe Mr. Deaton's motion for temporary restraining order as a motion for preliminary injunction and recommend denying the motion (Dkt. No. 22).  After a review of those Proposed Findings and Recommendations, Mr. Deaton's objections, (Dkt. No. 40), as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety.

It is therefore ordered that:

1.      Mr. Deaton's allegations concerning the grievance procedure are dismissed without prejudice for failure to state a claim upon which relief can be granted.

2.      Mr. Deaton is permitted to proceed on his claim against defendant Larry May.  The Clerk of the Court shall prepare summons for Mr. May.  The United States Marshall is directed to serve a copy of the complaint (Dkt. No. 2), the supplement to the complaint, this Order, and the summons on Mr. May in care of the Arkansas Board of Correction and Community Punishment Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612-0550, without prepayment of fees and costs or security thereof.

3.      Mr. Deaton's allegations concerning denied access to current events and a Christmas package are dismissed without prejudice for failure to state a claim upon which relief can be granted.

4.      Mr. Deaton is permitted to proceed on his claim based on the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1.

5.      Mr. Deaton's motion for temporary restraining order, which the Court construes as a motion for preliminary injunction, is denied (Dkt. No. 22).

6.      Mr. Deaton's motions for ruling, motion for order to show cause, and motion to extend time to serve process on Mr. May are denied as moot (Dkt. Nos. 18, 25, 30, 37, 42).

SO ORDERED this 9th day of July, 2014.

_____
Kristine G. Baker
United States District Judge